**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 20-455-DLB**

**PERCY JAMES TUCKER**                                                                                    **PETITIONER**

**v.**                                   **MEMORANDUM OPINION AND ORDER**

**FRANCISCO QUINTANA**                                                                            **RESPONDENT**

**\*\*\* \*\*\* \*\*\* \*\*\***

Petitioner Percy James Tucker is a federal prisoner currently confined at the Federal Medical Center ("FMC")-Lexington located in Lexington, Kentucky. Proceeding without an attorney, Tucker has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. # 1). Tucker has neither paid the $5.00 filing fee, nor filed a motion for leave to proceed *in forma pauperis*. While this reason alone would justify dismissing this matter without prejudice, the Court will proceed with conducting the initial screening required by 28 U.S.C. § 2243. *Alexander v. N. Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)).

In his § 2241 petition, Tucker claims that he is "being forced to work as an inmate, without hard labor or any labor noted in my judgment and commitment." (Doc. # 1 at 4). He claims that only an Article III judge is authorized by the Constitution to sentence an individual and the Judgment entered in his criminal case does not require hard labor.

1

However, he states that when he arrived at FMC-Lexington, he was told to work in the dining hall.  He alleges that, when he advised the Warden and staff that he wished to exercise his constitutional protections under the 13th Amendment, he was placed in the Special Housing Unit ("SHU").  (Doc. # 1 at 5).  As relief, Tucker requests that an incident report be expunged from his record and that he not be forced into unconstitutional labor. (*Id*.).

Upon initial review, Tucker's habeas petition filed pursuant to 28 U.S.C. § 2241 must be dismissed.  To the extent that Tucker's request to expunge an incident report from his record suggests that he seeks to challenge a disciplinary proceeding, a § 2241 petition may be used to raise a due process challenge to an action taken by a prison disciplinary board that results in the loss of good time credits in which the prisoner has a vested liberty interest.  *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).  *See also Superintendent, Massachusetts Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). However, Tucker does not allege that he was sanctioned with the loss of good time credit.  Rather, he claims that he was placed in the SHU.  Disciplinary segregation does not implicate a protected liberty interest for purposes of due process unless it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  The petition makes no reference to an atypical or significant hardship, nor does it provide any support for the notion that a protected liberty interest has been implicated

In addition, while vaguely referencing an "incident report," Tucker provides no further factual information regarding the incident, such as the date it occurred; whether disciplinary proceedings were instituted against him; the result of those proceedings; nor

2

any other information that would provide the Court with some background on the basis for his claims.  Nor does he make any allegation suggesting that he was deprived of due process in connection with disciplinary proceedings.  Although the Court has an obligation to liberally construe a petition filed by a person proceeding without counsel, "liberal construction does not require a court to conjure allegations on a litigant's behalf."  *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004) (quoting *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).  *See also Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 157 (6th Cir. 2003) ("Pro se parties must still brief the issues advanced with some effort at developed argumentation.").  It is the petitioner's burden to establish that he is entitled to habeas relief and Tucker's petition fails to adequately articulate either the factual basis for his claims or describe the grounds for his claim to relief.

To the extent that Tucker suggests that the Warden retaliated against him for his exercise of a constitutional right, this is a claim regarding the conditions of his confinement and is improper in a § 2241 petition.  Section 2241 is typically a vehicle for challenges to the way a prisoner's sentence is being calculated, such as computing sentence credits or determining parole eligibility, not to the specific conditions of an inmate's confinement at a particular facility.  *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009) (describing different types of § 2241 challenges).  Thus, while "[c]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a [civil rights] action."  *Muhammed v. Close*, 540 U.S. 749, 750 (2004).

A federal prisoner may not use a § 2241 habeas petition to pursue civil rights claims challenging the conditions of his confinement; he may only assert such claims

against federal officials by filing suit under 28 U.S.C. § 1331 pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). *See also Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("[Section] 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). In these circumstances, the Sixth Circuit has clearly instructed that a "district court should dismiss the § 2241 claim without prejudice so the . . . petitioner could re-file as a [civil rights] claim." *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013) (citing *Martin*, 391 F.3d at 714). Should Tucker wish to pursue his claims in a civil rights action, he may obtain the appropriate forms from the Clerk of the Court.

For all of these reasons, the Court will deny Tucker's § 2241 petition without prejudice. Accordingly,

**IT IS ORDERED** as follows:

(1)    Tucker's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1) is **DENIED WITHOUT PREJUDICE**;

(2)    This matter is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(3)    A Judgment will be entered contemporaneously herewith.

This 19th day of November, 2020.



**Signed By:**

*David L. Bunning*

**United States District Judge**